# Mooar, Appellant, *v.* Pittsburg Railways Company.

*Negligence—Street railways—Passenger—Riding on platform—Contributory negligence—Nonsuit.*

In an action by a passenger against a street railway company to recover damages for personal injuries sustained by being thrown from the rear platform of a street car, a nonsuit is properly entered where the evidence shows that before the car reached the street where plaintiff was to alight, and after the street had been called twice by the conductor who knew where plaintiff was to alight, the plaintiff arose from his seat in the body of the car, passed the conductor in the aisle, and while the car was going at a high and increasing rate of speed took his stand on

the back platform, and was thrown therefrom by the violent lurching of the car in going around a curve.

Argued Nov. 12, 1907.    Appeal, No. 161, Oct. T., 1907, by plaintiff, from order of C. P. No. 1, Allegheny Co., June T., 1904, No. 115, refusing to take off nonsuit in case of C. C. Mooar v. Pittsburg Railways Company.    Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before MACFARLANE, J.

The circumstances relating to the accident are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*L. K. Porter*, with him *S. G. Porter*, for appellant.—Plaintiff being injured by reason of the manner in which the car was being propelled, raises a presumption of negligence against the defendant: Babcock v. Los Angeles Traction Co., 128 Cal. 173 (60 Pac. Repr. 780) ; Reber v. Traction Co., 179 Pa. 339 ; Walters v. Phila. Traction Co., 161 Pa. 36 ; North Chicago St. Ry. Co. v. Brown, 178 Ill. 187 (52 N. E. Repr. 864) ; Bard v. Traction Co., 176 Pa. 97 ; O'Donnell v. Allegheny Valley R. R. Co., 59 Pa. 239.

*James C. Gray*, with him *Clarence Burleigh* and *William A. Challener*, for appellee.—Plaintiff was guilty of contributory negligence in leaving his seat in a rapidly moving car, and proceeding to the rear platform of the car: Sweeney v. Union Traction Co., 199 Pa. 293 ; Linch v. Traction Co., 153 Pa. 102 ; Jennings v. Union Traction Co., 206 Pa. 31 ; Blue v. Penna. R. R. Co., 1 Mona. 757 ; Jackson v. Traction Co., 182 Pa. 104 ; Bainbridge v. Union Traction Co., 206 Pa. 71.

OPINION BY MR. JUSTICE STEWART, January 6, 1908 :

It appears from the plaintiff's own testimony that he re-

ceived his injuries while standing on the rear platform of the car. The burden was at once put upon him of showing that he was there under circumstances that gave rise to no imputation of negligence on his part. He had taken the car at the corner of Fourth avenue and Smithfield street, in the city of Pittsburg, to go to his home, and it was his purpose to leave the car at the crossing of Long street, where it was his custom to stop. He occupied a seat within the car. As the car approached the crossing at Long street, but while it was still moving rapidly, the conductor twice called out the name of the street. The plaintiff thereupon, without waiting for the car to stop, and before it materially lessened its speed, arose and proceeded to the platform, when in passing around a curve, by some irregularity of motion in the car, he was thrown from the platform to the ground and injured. The contention is that the conditions at the time being such as prevented plaintiff from seeing for himself, he had a right to regard the calling out of the street by the conductor as an invitation for him to go upon the platform at that time for the purpose of alighting; especially so, since while proceeding to the platform he passed the conductor in the aisle without receiving from him any warning or caution. This contention cannot be sustained. The plaintiff says that the conductor knew that he was to get off the car at Long street. Plaintiff, therefore, must have known that the car would stop there. Notwithstanding, he left his seat, where he was in perfect safety, while the car was moving rapidly and with increasing speed as he reached the platform, and voluntarily occupied a place where danger is always to be apprehended. No duty rested on the conductor to warn him of such danger, if for no other reason, because the plaintiff does not say that the conductor saw him attempt to pass outside of the car. No bell had been rung or any other signal given to the motorman to stop the car before the plaintiff proceeded to the platform. The accident must be attributed to plaintiff's own want of prudence. No negligence was shown on part of defendant, and the nonsuit was properly ordered.

Judgment affirmed.